# EXHIBIT A

Filed: 11/14/2025 4:24 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 108083728
By: Marissa Medina
11/17/2025 3:13 PM

CAUSE NO. <u>25-CV-2149</u>

| | | |
|---|---|---|
| BRUCE REESMAN | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | Galveston County - 10th District Court |
| | § | |
| | § | _____JUDICIAL DISTRICT |
| | § | |
| v. | § | |
| | § | |
| UNIVERSAL PROTECTION | § | |
| SERVICE, LP D/B/A ALLIED | § | |
| UNIVERSAL | § | |
| Defendant. | § | GALVESTON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Bruce Reesman complains of Defendant Universal Protection Service, LP D/B/A Allied Universal, and would respectfully show this Honorable Court as follows:

### I. Parties

1.      Plaintiff Bruce Reesman (hereinafter "Plaintiff") is a citizen of the United States and a resident of Galveston County, Texas. Last three digits of his Social Security Number: 089; last three digits of his Texas Driver's license: 983.

2.      Defendant Universal Protection Service, LP D/B/A Allied Universal ("Defendant") is a foreign corporation actively engaged in business in the State of Texas and may be served with process and a copy of Plaintiff's Original Petition through its Registered Agent: Corporation Service Company D/B/A CSC-Law, 211 E. 7th Street, Suite 620, Austin, TX 78701.

### II.   Jurisdiction & Venue

3.      This Court has jurisdiction of this action as this case arises under Chapter 21 of the Texas Labor Code. The amount in controversy is within the jurisdictional limits of

1

Status Conference 02/05/2026

this Honorable Court as Plaintiff seeks monetary relief of over $1,000,000.00.

4.      Venue is proper in Galveston County, Texas, in that all or substantial part of the events or omissions giving rise to the claim occurred in Galveston County, Texas. Thus, venue is proper. *See* TEX. CIV. PRAC. & REM. CODE § 15.002.

### III. Exhaustion of Administrative Procedures

5.      All conditions precedents to jurisdiction have occurred with a dual filing of a complaint with Texas Workforce Commission – Civil Rights & Discrimination Department and Plaintiff's receipt of Texas Workforce Commission – Civil Rights & Discrimination Department's issuance of a right to sue letter.

### IV. Facts and General Allegations

6.      Plaintiff is 58 years of age work for Defendant. Plaintiff officed in the City of Galveston.

7.      On or about May 31, 2024, Allied Universal removed Plaintiff from his role as an Enterprise Account Portfolio Manager with Home Depot. Defendant encouraged Plaintiff to apply for other positions within company. Defendant reminded Plaintiff that its preference is to always promote within the company.

8.      Between June 2024 and August 2024, Plaintiff  applied for four management roles within Defendant's company which were positions that maintained key accounts as the one Plaintiff had been removed from. Plaintiff received highly favorable feedback during each stage of the interviewing process, including direct statements from Defendant affirming Plaintiff was the most qualified candidate. However, in each instance, Defendant selected

younger candidates, often external applicants despite Defendant's stated preference to promote from within the company.

9.    During this time period Plaintiff was told by his superior that leadership was actively impeding his applications.  Plaintiff was informed that the Senior VP of Enterprise Account expressed a preference for candidates who were "less experienced."

10.    On August 10, 2024, all access, including access to my Plaintiff's email account was denied. Plaintiff reached out to his supervisor but received no response. Plaintiff had a conversation with Human Resources ("HR") and informed HR of what was transpiring. HR indicated it was not aware.  It was clear at that moment that Plaintiff had been terminated and/or constructively discharged.

11.    Two employees, younger than Plaintiff, took on the responsibilities of Enterprise Account Portfolio Manager with Home Depot.

12.    Defendant's conduct was in direct violation of Chapter 21 of the Texas Labor Code.

**V. Age Discrimination in Violation of Chapter 21 of the Texas Labor Code**

13.    Plaintiff incorporates paragraphs 1 – 12.

14.    Due to Plaintiff's age, he was treated differently to other younger employees and ultimately terminated.

**A.  Replacement Age Discrimination.**

15.    During the end of his tenure with Defendant, a very significant client, that was assigned to Plaintiff, was reassigned. That is, taken away from Plaintiff. The client was  reassigned, given to younger employees.

16.    Unfortunately for Plaintiff, the age discrimination did not stop with

3

reassignment of work being given to less qualified younger employees. But Plaintiff was encouraged to apply for other positions within the company as the Defendant had a preference for hiring among its already employed staff.

17.    However, every position Plaintiff applied for and was told he was the most qualified, all went to younger inexperienced employees. Including external candidates.

18.    Defendant took work away from Plaintiff, did not assign Plaintiff any work and denied him access to company clients and client accounts. This included denying Plaintiff from his email account. Plaintiff was completely locked out. Plaintiff was terminated and/or constructive discharge and clearly replaced by a younger inexperienced employee(s) in violation of the protection of the Texas Labor Code Chapter 21.

19.    Defendant discriminated against Plaintiff in connection with the terms and conditions of employment and/or classified Plaintiff in a manner that would deprive him of a continued employment opportunity because of Plaintiff's age in violation of Chapter 21.

20.    Defendant treated Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to younger employees.

21.    Plaintiff alleges that Defendant discriminated against him on the basis of age with malice or with reckless indifference to the Texas-protected rights of Plaintiff.

**B.  Direct Evidence Age Discrimination (Proof of Discriminatory Intent).**

22.    It was no secret that the Senior VP of Enterprise Account wanted a younger company. He was vocal about hiring inexperienced employees. Inexperience was equivalent to cheaper and younger labor.

23.    As a result, Defendant hired inexperience and younger employees. Defendant replaced Plaintiff with these inexperience and younger employees.

24.    Though HR was aware of the hiring practice, no investigation and/or action

4

was taken to cease such illegal practices. Instead of protecting Plaintiff, he was replaced in violation of the protection of the Texas Labor Code Chapter 21.

25.     Defendant discriminated against Plaintiff in connection with the terms and conditions of employment and/or classified Plaintiff in a manner that would deprive him of a continued employment opportunity because of Plaintiff's age in violation of Chapter 21.

26.     Defendant treated Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to younger employees.

27.     Plaintiff alleges that Defendant discriminated against him on the basis of age with malice or with reckless indifference to the Texas-protected rights of Plaintiff.

### VI.    Damages

28.     Plaintiff incorporates paragraphs 1 – 27.

29.     As a direct and proximate result of Defendant's violations of law, Plaintiff suffered and continues to suffer a loss of earnings and other employment benefits and job opportunities. This includes suffering the loss of participating in the Defendant's deferred compensation plan(s), retirement packages, and/or 401K contribution benefits (and other economic plans/packages/benefits offered to employees).

30.     As a direct and proximate result of Defendant's violations of law, Plaintiff suffered and continues to suffer emotional/mental anguish.

31.     As a direct result of Defendant's violation of law, Plaintiff has experienced damage to his reputation as he is now categorized as a "fired" or "terminated" employee. Anytime he discloses why he is no longer employed with Defendant, he will have to disclose that he was "terminated."   Plaintiff is being stigmatized due to the frivolous termination and Defendant's statute violations. Plaintiff requests damages for the

5

stigmatization and damage to reputation.

32.     As a further direct and proximate result of Defendant's violations of law, Plaintiff has been compelled to retain the services of counsel in an effort to protect his rights, and has incurred, and will continue to incur, legal fees, and cost, the full nature and extent of which are presently unknown to Plaintiff. Plaintiff requests that attorney's fees, cost, and expenses (including but not limited to expert witness' fees) be awarded pursuant to all applicable laws.

## VII. Punitive/Exemplary Damages

33.     Defendant engaged in a discriminatory practice with malice or with reckless indifference to the state-protected rights of Plaintiff.  Therefore, Defendant is liable for punitive damages pursuant to § 21.2585 of the Texas Labor Code.

## VIII. No Federal Question

34.     Plaintiff brings no federal claims or federal questions.  All of Plaintiff's claims are state claims under the Texas Labor Code and other applicable state statutes.

## IX.    Jury Demand

35.     Plaintiff hereby requests a trial by jury.

## X.    Prayer

36.     Wherefore, Plaintiff prays that Defendant be cited to appear and answer and that upon trial of this matter, Plaintiff be awarded the following:

      a.    Compensatory damages;
      b.    Past and future mental anguish;
      c.    Past and future actual damages;
      d.    Damages to reputation;

e.   Past and future economic damages;
f.   Back pay;
g.   Reinstatement and/or front pay (as reinstatement is not feasible);
h.   Exemplary damages;
i.   Attorney's fees;
j.   Expert's fees;
k.   Court costs;
l.   Pre-judgment interest at the highest rate allowed by law;
m.   Post-judgment interest at the highest rate allowed by law; and
n.   All other relief to which Plaintiff is entitled.

Respectfully submitted,
**Thomson Dunkel Law, PLLC**

By: */s/ Charles P. Dunkel, Jr.*
 Charles P. Dunkel, Jr.
State Bar No. 24034427
 Ashley N. Thomson
State Bar No. 24097908
2600 South Shore Blvd, STE
300 League City, TX 77573
Telephone: 281.738.3448
Email: *cdunkel@tdunklaw.com*
Email: *athomson@tdunklaw.com*
ATTORNEYS FOR PLAINTIFF

7

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Raven Keeler on behalf of Charles Dunkel
Bar No. 24034427
rkeeler@tdunklaw.com
Envelope ID: 108083728
Filing Code Description: Original Petition - OCA (1-10 plantiffs)
Filing Description: Plaintiff's Original Petition and Jury Demand
Status as of 11/17/2025 3:14 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ashley Thomson | | athomson@tdunklaw.com | 11/14/2025 4:24:16 PM | SENT |
| Raven Keeler | | rkeeler@tdunklaw.com | 11/14/2025 4:24:16 PM | SENT |
| Charles PDunkel | | cdunkel@tdunklaw.com | 11/14/2025 4:24:16 PM | SENT |



**JOHN D. KINARD**

**District Clerk**

**Galveston County, Texas**

## CERTIFIED COPY

I, **John D. Kinard**, District Clerk of Galveston County, Texas
certify that this is a true and correct copy of the original record
filed and or recorded in my office, electronically or hard copy,
as it appear on this date.
Witness my official hand and seal of office this 12/15/2025

Case Number 25-CV-2149 -  10th District Court
Case Style: Bruce Reesman vs. Universal Protection Service, LP D/B/A Allied
Universal
Document contains 8 page(s)
**Document Title: Original Petition**

**John D. Kinard, District Clerk**
**GALVESTON COUNTY, TEXAS**

Prepared By Brittany Meade, Deputy Clerk

**In accordance with Texas Government Code 406.013, electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal, please
email dcweb@co.galveston.tx.us**

Filed: 11/14/2025 4:24 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 108083728
By: Marissa Medina
11/17/2025 3:13 PM

*Thomson Dunkel Law PLLC*
2600 South Shore Blvd., Suite 300
League City, Texas 77573
Phone: 281.738.3448 | 409.995.0449
thomsondunkellaw.com
Attorneys: Ashley N. Thomson & Charles P. Dunkel Jr.

25-CV-2149
Galveston County - 10th District Court
November 14, 2025

## REQUEST FOR ISSUANCE OF CITATION

Re: Cause No.: _____, Bruce Reesman v Universal Protection Service, LP d/b/a Allied Universal; In the ___ Judicial District Court, Galveston County, Texas.

To the Honorable Clerk of said Court:

Please remit this request for the issuance of a citation in the above-referenced suit.

**Name(s) of Documents to be served**: Original Petition and Citation

**FILE DATE:** November 14, 2025

**SERVICE TO BE ISSUED ON:**
**Issue Service to**: Universal Protection Service, LP d/b/a Allied Universal
**Address of Service**: 211 E. 7th Street, Suite 620
**City, State & Zip**: Austin, Texas 78701
**Agent (if applicable)**: Corporation Service Company D/B/A CSC-Law

Service to be Issued:
1. Citation

Counsel for Plaintiff humbly requests that the Citation and certified Original Petition be emailed to counsel, or if email is not accepted - mailed to counsel:
Charles P. Dunkel, Jr._____ Bar # or ID  24034427
Mailing Address: 2600 South Shore Blvd., Suite 300, League City, Texas 77573 –
cdunkel@tdunklaw.com & rkeeler@tdunklaw.com
Phone Number: 281.738.3448

Sincerely,

Ashley N. Thomson

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Raven Keeler on behalf of Charles Dunkel
Bar No. 24034427
rkeeler@tdunklaw.com
Envelope ID: 108083728
Filing Code Description: Original Petition - OCA (1-10 plantiffs)
Filing Description: Plaintiff's Original Petition and Jury Demand
Status as of 11/17/2025 3:14 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ashley Thomson | | athomson@tdunklaw.com | 11/14/2025 4:24:16 PM | SENT |
| Raven Keeler | | rkeeler@tdunklaw.com | 11/14/2025 4:24:16 PM | SENT |
| Charles PDunkel | | cdunkel@tdunklaw.com | 11/14/2025 4:24:16 PM | SENT |



**JOHN D. KINARD**

**District Clerk**

**Galveston County, Texas**


## CERTIFIED COPY

I, **John D. Kinard**, District Clerk of Galveston County, Texas
certify that this is a true and correct copy of the original record
filed and or recorded in my office, electronically or hard copy,
as it appear on this date.
Witness my official hand and seal of office this 12/15/2025

Case Number 25-CV-2149 -  10th District Court
Case Style: Bruce Reesman vs. Universal Protection Service, LP D/B/A Allied
Universal
Document contains 2 page(s)
**Document Title: Request for Civil Service**

**John D. Kinard, District Clerk**
**GALVESTON COUNTY, TEXAS**

Prepared By Brittany Meade, Deputy Clerk

**In accordance with Texas Government Code 406.013, electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal, please email dcweb@co.galveston.tx.us**

**The District Courts of Galveston County, Texas Status Conference Notice**

**Please calendar this event**

**All Status Conferences will be set for Thursdays (subject to exceptions for county holidays)**

| Court Name | Status Conference Time | Court Phone Number | | |
|---|---|---|---|---|
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:00 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

**Date: 02/05/2026  set in the 10th District Court**

| Case Number: | 25-CV-2149 |
|---|---|
| **Case Style:  Bruce Reesman vs. Universal Protection Service, LP D/B/A Allied Universal** | |

*Helpful Information: Please visit our website at*
*http://www.galvestoncountytx.gov/dc/Pages/default.aspx*

*FAQ*

*Forms*

*Fee Schedules*

*Remote Access to on-line case record searches*

*Contact and Mailing information*

*Passport Services*

*E Filing Information*

*Helpful Links to Legal Resources and sites*

**Notice: If this case is filed as an expedited action pursuant to Rule 169 of the Texas Rules of Civil Procedure, please contact the Court to inform them of the same as soon as possible.**



**JOHN D. KINARD**

**District Clerk**

**Galveston County, Texas**

## CERTIFIED COPY

I, **John D. Kinard**, District Clerk of Galveston County, Texas
certify that this is a true and correct copy of the original record
filed and or recorded in my office, electronically or hard copy,
as it appear on this date.
Witness my official hand and seal of office this 12/15/2025

Case Number 25-CV-2149 -  10th District Court
Case Style: Bruce Reesman vs. Universal Protection Service, LP D/B/A Allied
Universal
Document contains 1 page(s)
**Document Title: Status Conference Sheet**

**John D. Kinard, District Clerk**
**GALVESTON COUNTY, TEXAS**

Prepared By Brittany Meade, Deputy Clerk

**In accordance with Texas Government Code 406.013, electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal, please email dcweb@co.galveston.tx.us**

**Medina, Marissa**

| | |
|---|---|
| **From:** | postmaster@tdunklaw.onmicrosoft.com |
| **To:** | cdunkel@tdunklaw.com |
| **Sent:** | Monday, November 17, 2025 3:53 PM |
| **Subject:** | Delivered: 25-CV-2149 Status Conference |

## Your message has been delivered to the following recipients:

cdunkel@tdunklaw.com (cdunkel@tdunklaw.com)

Subject: 25-CV-2149 Status Conference



**JOHN D. KINARD**

**District Clerk**

**Galveston County, Texas**

# CERTIFIED COPY

I, **John D. Kinard**, District Clerk of Galveston County, Texas

certify that this is a true and correct copy of the original record

filed and or recorded in my office, electronically or hard copy,

as it appear on this date.

Witness my official hand and seal of office this 12/15/2025

Case Number 25-CV-2149 -  10th District Court

Case Style: Bruce Reesman vs. Universal Protection Service, LP D/B/A Allied

Universal

Document contains 1 page(s)

**Document Title: Receipt Acknowledge**

**John D. Kinard, District Clerk**

**GALVESTON COUNTY, TEXAS**

Prepared By Brittany Meade, Deputy Clerk

**In accordance with Texas Government Code 406.013, electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal, please email dcweb@co.galveston.tx.us**

**CITATION**

**THE STATE OF TEXAS**

**BRUCE REESMAN VS. UNIVERSAL PROTECTION SERVICE, LP**
**D/B/A ALLIED UNIVERSAL**

**Cause No.: 25-CV-2149**
**10th District Court of Galveston County**

TO:    **Universal Protection Service, LP d/b/a Allied Universal**
**Registered Agent, Corporation Service Company**
**D/B/A CSC-Law**
**211 E. 7th Street, Suite 620**
**Austin, TX 78701**

---

**GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.**

---

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **10th District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed **November 14, 2025**. It bears cause number **25-CV-2149** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 18th day of November, 2025.**

Issued at the request of:
Charles P Dunkel, Jr.
Thomson Dunkel Law PLLC
2600 South Shore Blvd, STE 300
League City, TX 77573



**John D. Kinard**, District Clerk
Galveston County, Texas

By _____ Alondra Alvarez, Deputy

---

| **The District Courts of Galveston County, Texas Status Conference Notice** |||||
| **Please calendar this event** |||||
| **All Status Conferences will be set for Thursdays (subject to exceptions for county holidays)** |||||
| Court Name | Status Conference Time | Court Phone Number |||
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:00 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

## **Date :02/05/2026 set in the 10th District Court - Judge Rebecca Millo**

## RETURN OF SERVICE

| Case No. 25-CV-2149 | In the 10th District Court |
|---|---|

**Bruce Reesman vs. Universal Protection Service, LP D/B/A Allied Universal**

Come to hand on _____ at _____ o'clock _____.m., and executed in _____County, Texas by delivering to each of the within named party in person, a true copy of the CITATION with the delivery endorsed thereon, together with the accompanying copy of the **Original Petition - OCA** at the following times and places, to wit:

**To:   Universal Protection Service, LP d/b/a Allied Universal**
       **Registered Agent, Corporation Service Company**
       **D/B/A CSC-Law**
       **211 E. 7th Street, Suite 620**
       **Austin, TX  78701**

| SERVED: | | ADDRESS/LOCATION | | |
|---|---|---|---|---|
| DATE | TIME | PLACE, COURSE, AND DISTANCE FROM COURT HOUSE | | MILEAGE |
| | | | | |
| | | | | |
| | | | | |

and **NOT** executed as to said above named defendant for the reasons shown below:

The diligence used in finding said within named defendant and the **cause or failure to execute** this process is for the following

reason:_____

_____

| FEES: Serving CITATION and copy  $_____ | Mileage _____ miles @ $_____ per mile    Total $_____ |
|---|---|
| **TOTAL FEES AND MILEAGE $** | |

Signed on _____day of _____, 20_____**Officer**

_____**County, TX**

_____**Deputy /Officer Signature**

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF COURT

In accordance with **rule 107 (c).**The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. **If the return is signed by a person other than a sheriff, constable, or clerk of the court the return shall be signed under penalty of perjury and contain the following statement.**

"My name is _____, my date of birth is_____
                    **(First)**              **(Middle)**              **(Last)**

And my address is _____
                                    **Street, City, State, Zip, County**

**"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."**

Executed in _____ County, State of _____, on _____.

| **Declarant/Authorized Process Server Signature** | **ID# and expiration of certification** |
|---|---|



**JOHN D. KINARD**

**District Clerk**

**Galveston County, Texas**

## CERTIFIED COPY

I, **John D. Kinard**, District Clerk of Galveston County, Texas
certify that this is a true and correct copy of the original record
filed and or recorded in my office, electronically or hard copy,
as it appear on this date.
Witness my official hand and seal of office this 12/15/2025

Case Number 25-CV-2149 -  10th District Court
Case Style: Bruce Reesman vs. Universal Protection Service, LP D/B/A Allied
Universal
Document contains 2 page(s)
**Document Title: Citation Issuance**

**John D. Kinard, District Clerk**
**GALVESTON COUNTY, TEXAS**

Prepared By Brittany Meade, Deputy Clerk

**In accordance with Texas Government Code 406.013, electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal, please email dcweb@co.galveston.tx.us**

**Alvarez, Alondra**

| | |
|---|---|
| **From:** | postmaster@tdunklaw.onmicrosoft.com |
| **To:** | rkeeler@tdunklaw.com |
| **Sent:** | Tuesday, November 18, 2025 10:28 AM |
| **Subject:** | Delivered: 25-CV-2149-Bruce Reesman vs. Universal Protection Service, LP D/B/A Allied Universal-Citation |

## Your message has been delivered to the following recipients:

rkeeler@tdunklaw.com (rkeeler@tdunklaw.com)

Subject: 25-CV-2149-Bruce Reesman vs. Universal Protection Service, LP D/B/A Allied Universal-Citation

**Alvarez, Alondra**

| | |
|---|---|
| **From:** | postmaster@tdunklaw.onmicrosoft.com |
| **To:** | cdunkel@tdunklaw.com |
| **Sent:** | Tuesday, November 18, 2025 10:28 AM |
| **Subject:** | Delivered: 25-CV-2149-Bruce Reesman vs. Universal Protection Service, LP D/B/A Allied Universal-Citation |

## Your message has been delivered to the following recipients:

cdunkel@tdunklaw.com (cdunkel@tdunklaw.com)

Subject: 25-CV-2149-Bruce Reesman vs. Universal Protection Service, LP D/B/A Allied Universal-Citation



**JOHN D. KINARD**

**District Clerk**

**Galveston County, Texas**

## CERTIFIED COPY

I, **John D. Kinard**, District Clerk of Galveston County, Texas
certify that this is a true and correct copy of the original record
filed and or recorded in my office, electronically or hard copy,
as it appear on this date.
Witness my official hand and seal of office this 12/15/2025

Case Number 25-CV-2149 -  10th District Court
Case Style: Bruce Reesman vs. Universal Protection Service, LP D/B/A Allied
Universal
Document contains 2 page(s)
**Document Title: Receipt  Acknowledge**

**John D. Kinard, District Clerk**
**GALVESTON COUNTY, TEXAS**

 Prepared By Brittany Meade, Deputy Clerk

**In accordance with Texas Government Code 406.013, electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal, please email dcweb@co.galveston.tx.us**

Filed 11/21/2025 11:27 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 108331491
By: Lisa Kelly
11/21/2025 11:51 AM

## CAUSE NO. 25-CV-2149

| | | |
|---|---|---|
| Bruce Reesman | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | 10TH JUDICIAL DISTRICT |
| | § | |
| Universal Protection Service, LP d/b/a Allied Universal | § | |
| Defendant. | § | GALVESTON COUNTY, TEXAS |

### AFFIDAVIT OF SERVICE

"The following came to hand on **Nov 19, 2025, 10:38 am**,

CITATION, PLAINTIFF'S ORIGINAL PETITION, TEXAS STATUS CONFERENCE NOTICE

and was executed at **211 East 7th Street Ste 620, Austin, TX 78701** within the county of **Travis** at **02:55 PM** on **Wed, Nov 19 2025**, by delivering a true copy to the within named

UNIVERSAL PROTECTION SERVICE, LP D/B/A ALLIED UNIVERSAL, BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY ACCEPTED BY AUTHORIZED AGENT KANEISHA GROSS

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Corin Johnson**, I am at least 18 years old, and my address is **500 E. 4th St. #143, Austin, TX 78701** , and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Travis** County, State of **Texas**, on **November 20, 2025**.

_____

Corin Johnson
Certification Number: PSC-5625
Certification Expiration: 9/30/2026

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Raven Keeler on behalf of Charles Dunkel
Bar No. 24034427
rkeeler@tdunklaw.com
Envelope ID: 108331491
Filing Code Description: Affidavit
Filing Description: Affidavit of Service-Universal Protection Service, LP
Status as of 11/21/2025 11:52 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ashley Thomson | | athomson@tdunklaw.com | 11/21/2025 11:27:00 AM | SENT |
| Charles PDunkel | | cdunkel@tdunklaw.com | 11/21/2025 11:27:00 AM | SENT |
| Raven Keeler | | rkeeler@tdunklaw.com | 11/21/2025 11:27:00 AM | SENT |



**JOHN D. KINARD**

**District Clerk**

**Galveston County, Texas**

## CERTIFIED COPY

I, **John D. Kinard**, District Clerk of Galveston County, Texas
certify that this is a true and correct copy of the original record
filed and or recorded in my office, electronically or hard copy,
as it appear on this date.
Witness my official hand and seal of office this 12/15/2025

Case Number 25-CV-2149 -  10th District Court
Case Style: Bruce Reesman vs. Universal Protection Service, LP D/B/A Allied
Universal
Document contains 2 page(s)
**Document Title: Affidavit**

**John D. Kinard, District Clerk**
**GALVESTON COUNTY, TEXAS**

Prepared By Brittany Meade, Deputy Clerk

**In accordance with Texas Government Code 406.013, electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal, please
email dcweb@co.galveston.tx.us**

Filed: 12/11/2025 5:57 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 109015465
By: Shailja Dixit
12/12/2025 8:18 AM

**CAUSE NO. 25-cv-2149**

| | | |
|---|---|---|
| **BRUCE REESMAN,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **10TH JUDICIAL DISTRICT** |
| | § | |
| **UNIVERSAL PROTECTION** | § | |
| **SERVICE, LP D/B/A** | § | |
| **ALLIED UNIVERSAL** | § | |
| | § | |
| **DEFENDANT.** | § | **GALVESTON COUNTY, TEXAS** |

**ALLIED UNIVERSAL'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF THIS COURT:

Universal Protection Service, LP d/b/a Allied Universal Security Services ("Allied Universal")[1] files this Original Answer to Plaintiff's Original Petition. Allied Universal answers the allegations made against it in Plaintiff's Original Petition as follows:

**GENERAL DENIAL**

1.      Allied Universal generally denies each and every allegation made against it in Plaintiff's Original Petition and demands strict proof thereof. Tex. R. Civ. P. 92.

**AFFIRMATIVE AND OTHER DEFENSES**

2.      All employment decisions regarding Plaintiff were made for legitimate, nondiscriminatory reasons.

3.      To the extent that Plaintiff's claims were not included in a timely charge of discrimination, the claims are barred on grounds that Plaintiff failed to exhaust his administrative remedies.

4.      Plaintiff's claims are barred, in whole or in part, on grounds of waiver, laches, or estoppel.

---

[1] Incorrectly named in the Original Petition as Universal Protection Service, LP d/b/a Allied Universal

**DEFENDANT'S ORIGINAL ANSWER** – Page 1

5.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate his alleged damages.

6.      The Petition fails, in whole or in part, to allege facts sufficient to state a claim against Allied Universal upon which relief can be granted for the claims asserted.

7.      Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

8.      Allied Universal at all times acted in good faith to comply with all applicable laws and with reasonable grounds to believe that Allied Universal's actions did not violate the statutes cited in the Petition.

9.      Plaintiff's claims may be barred, in whole or in part, by the doctrine of accord and satisfaction, after-acquired evidence, arbitration and award, assumption of the risk, bad faith, contributory negligence, duress, entire controversy, estoppel, exclusive remedy, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, recession or mutual abandonment, standing, statue of frauds, statute of limitations, unclean hands, waiver, and/or other principles of equity.

10.     Plaintiff is not entitled to recover attorneys' fees and/or costs.

11.     Plaintiff's claims are barred, in whole or in part, because no action was taken toward Plaintiff because of any protected characteristic, or because he engaged in protected activity, but instead, all actions taken by Allied Universal with respect to Plaintiff were taken in good faith and for legitimate, non-discriminatory, and nonretaliatory reasons.

12.     Plaintiff has failed to allege, and did not suffer, an adverse employment action or injury that was casually related to any protected activity or protected category.

13.     Plaintiff's claims are barred, in whole or in part, on grounds that some or all the damages claimed by Plaintiff were a result of Plaintiff's own acts, actions, omissions, or negligence.

**DEFENDANT'S ORIGINAL ANSWER** – Page 2

14.     The Petition is barred, in whole or in part, to the extent that Plaintiff is subject to mandatory, binding arbitration pursuant to an arbitration agreement signed in connection with his employment. Allied Universal reserves the right to compel individual arbitration of claims.

15.     The federal court in this jurisdiction has subject matter of the claims. Allied Universal reserves the right to remove this matter based on diversity of citizenship.

16.     To the extent that Plaintiff signed a release and/or waiver encompassing claims alleged in the Petition, or a contractual waiver or agreement, contrary to the claims here, such claims are barred by that release, waiver, agreement, and/or award.

17.     Plaintiff's claims for damages and other relief are subject to all applicable statutory caps and limitations.

18.     Assuming, *arguendo*, that Plaintiff has stated facts sufficient to support claims for violations of the laws cited, Allied Universal exercised reasonable care to prevent and promptly correct any alleged discrimination, reprisal, retaliation, and/or interference, and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities offered by Allied Universal to avoid harm or otherwise. Allied Universal cannot be held liable for any such conduct because Allied Universal neither knew of such conduct, acquiesced in such conduct, nor condoned such conduct.

19.     Plaintiff's Petition, and each cause of action, is barred, in whole or in part, because the losses, if any, purportedly suffered by Plaintiff, were caused, if at all, by factors unrelated to the conduct or lack thereof on the part of Allied Universal.

20.     To the extent Plaintiff's claims are based upon alleged intentional misconduct of specific employees and/or non-employees, Allied Universal cannot be held liable for such conduct based

upon theories of *respondeat superior* or vicarious liability or any other manner of imputing liability.

21.    Plaintiff's claims are barred, in whole or in part, because he failed to take advantage of Allied Universal's procedures for reporting discrimination.

22.    Plaintiff's claims are barred by Plaintiff's unreasonable failure to take advantage of corrective opportunities offered by his employer, which at all times took reasonable care to prevent and promptly correct any alleged discrimination.

23.    Plaintiff's claims are barred, in whole or in part, because Plaintiff did not engage in any protected activity or right within the scope of any of the statutes or provisions cited in the Complaint and did not suffer any materially adverse action that was causally related to any protected activity.

24.    Plaintiff's Petition fails to state a claim for punitive damages.

25.    Plaintiff may not be entitled to recover punitive damages, including because any award of punitive damages would violate the constitutional rights of Allied Universal, including, but not limited to, Allied Universal's rights under the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution.

26.    With respect to Plaintiff's demand for punitive damages, Allied Universal specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitations that arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996). *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobiles Ins. Co. v. Campbell,* 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, No. 051256 (U.S. Feb. 20, 2007).

**<u>DEFENDANT'S ORIGINAL ANSWER</u>** – Page 4

27.    Plaintiff is not entitled to recover damages from Allied Universal for the acts alleged in the Petition on the grounds that none of Allied Universal's officers, directors, or managing agents committed the alleged acts, nor authorized them, nor ratified them.

28.    Without admitting that any duty was or could have been owed to Plaintiff, which is expressly denied, no act or omission of Allied Universal was a direct or proximate cause of any damages alleged to have been sustained by Plaintiff.

29.    Plaintiff is not entitled to recover damages from Allied Universal for the acts alleged in the Petition on the grounds that Allied Universal did not aid, abet, assist, incite, compel, or coerce another, nor was Allied Universal aided, abetted, assisted, incited, compelled, or coerced into unlawful conduct and did not engage in unlawful conduct.

30.    Plaintiff's claims for redress are barred, in whole or in part, because at all times Plaintiff's employment was at will.

31.    Allied Universal states that, to the extent Plaintiff contends that any protected characteristics or activity was a motivating factor in any challenged employment decision, Defendant would have made the same decision for legitimate, nondiscriminatory reasons even in the absence of any alleged improper motive. Accordingly, Plaintiff's claims are barred in whole or in part, and Plaintiff's recovery, if any, is limited pursuant to applicable law.

## **<u>RESERVATION OF RIGHTS AND ADDITIONAL DEFENSES</u>**

Because the Petition is couched in conclusory terms, Allied Universal cannot fully anticipate all defenses that might be applicable to this action. Accordingly, Allied Universal reserves the right to allege additional defenses as they become known during discovery, and to amend its Answer accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Allied Universal requests that the Court enter an order:

(a) Dismissing Plaintiff's claims with prejudice, and ordering that Plaintiff take nothing by way of his claims;

(b) Awarding Allied Universal its reasonable attorneys' fees and costs incurred in defending this action; and

(c) Awarding Allied Universal all other legal and equitable relief to which it may be entitled.

Dated this 11th day of December, 2025.

Respectfully submitted,

*/s/Cameron R. Burleson*
Cameron R. Burleson
State Bar No. 24127151
cburleson@martensonlaw.com
MARTENSON, HASBROUCK & SIMON LLP
2911 Turtle Creek Blvd., Suite 1280
Dallas, TX 75219
T: 972-497-2954
F: 404-090-8120

**Counsel for Allied Universal**

**DEFENDANT'S ORIGINAL ANSWER** – Page 6

## CERTIFICATE OF SERVICE

I certify that on December 11, 2025, a true and correct copy of the foregoing document was served on the following party pursuant to the Texas Rules of Civil Procedure, via electronic service:

Charles P. Dunkel, Jr.
Ashley N. Thomson
Thomson Dunkel Law, PLLC
2600 South Shore Blvd., STE 300
League City, Texas 77573
cdunkel@tdunklaw.com
athomson@tdunklaw.com
*Attorney for Plaintiff*

*/s/Cameron R. Burleson*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cameron Burleson on behalf of Cameron Burleson
Bar No. 24127151
cameron.burleson2014@gmail.com
Envelope ID: 109015465
Filing Code Description: Original Answer
Filing Description: Defendant's Original Answer.
Status as of 12/12/2025 8:19 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ashley Thomson | | athomson@tdunklaw.com | 12/11/2025 5:57:07 PM | SENT |
| Charles PDunkel | | cdunkel@tdunklaw.com | 12/11/2025 5:57:07 PM | SENT |
| Raven Keeler | | rkeeler@tdunklaw.com | 12/11/2025 5:57:07 PM | SENT |



**JOHN D. KINARD**

**District Clerk**

**Galveston County, Texas**

## CERTIFIED COPY

I, **John D. Kinard**, District Clerk of Galveston County, Texas
certify that this is a true and correct copy of the original record
filed and or recorded in my office, electronically or hard copy,
as it appear on this date.
Witness my official hand and seal of office this 12/15/2025

Case Number 25-CV-2149 -  10th District Court
Case Style: Bruce Reesman vs. Universal Protection Service, LP D/B/A Allied
Universal
Document contains 8 page(s)
**Document Title: Original Answer**

**John D. Kinard, District Clerk**
**GALVESTON COUNTY, TEXAS**

Prepared By Brittany Meade, Deputy Clerk

**In accordance with Texas Government Code 406.013, electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal, please
email dcweb@co.galveston.tx.us**